## Commonwealth *v*. Shaw, Appellant.

Argued April 27, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

Richard M. Rosenbleeth, with him Marvin Comisky, and Blank, Rome, Klaus & Comisky, for appellant.

Edward P. Little, Jr., District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 12, 1971:

Appellant, David Brian Shaw was convicted by a jury of possessing narcotic drugs in violation of The Drug, Device and Cosmetic Act of September 26, 1961, P. L. 1664, §4, 35 P.S. §780-4. A motion for a new trial was dismissed and a sentence of 2 to 5 years imprisonment plus the payment of $500 fine was imposed. On appeal the Superior Court affirmed the judgment of sentence without opinion. Judge HOFFMAN filed a dissenting opinion in which Judges JACOBS and SPAULDING joined. See 217 Pa. Superior Ct. 163, 269 A. 2d 140 (1970). We granted allocatur and now reverse.

On December 8, 1968, a detail of Pennsylvania State Police officers, armed with a search warrant, raided a house in Brooklyn Township, Susquehanna County, and in the course of a search of the premises found and

seized a small quantity of marijuana and hashish. Shaw who was present and in possession of the house at the time was immediately placed under arrest. A pretrial motion to suppress the evidence seized in the raid was denied after an evidentiary hearing, and at trial the Commonwealth was permitted, over objection, to introduce this evidence as part of its case against Shaw. This was error. The warrant which authorized the raid and search was constitutionally defective, in that it was issued without a showing of probable cause and, therefore, evidentiary use of the property seized in the execution of the warrant was constitutionally proscribed at trial.

The law is clear that before a search warrant may issue, facts supported by oath or affirmation must be presented to the issuing officer which will justify a finding of probable cause. *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509 (1964).

In the instant case, the complaint was filed and the warrant issued on December 8, 1968. In substance, the complaint alleged that Shaw was in possession of the premises for which the warrant was requested; that he was a known narcotics user and wanted as a fugitive by the New York State Police on a narcotics criminal charge; that an undercover agent of the Pennsylvania State Police had learned of a shipment of marijuana to the premises during April 1968 and had witnessed the use of marijuana and hashish on the premises during the same month; that from April to December the complaining officer traveled by the premises twice a week and observed the presence of automobiles bearing out-of-state licenses; and, that on December 8th, a "caravan of vehicles" came to the premises from New York State bringing many long-haired hippie-type individuals wearing "psychodyllic and unusual clothing" who remained there for hours.

The Commonwealth admits, as it must, that the events described in the complaint as happening on December 8th did not constitute criminal activity and would not, in themselves, be sufficient to warrant a man of reasonable caution in the belief that a criminal offense had been or was then being committed. At most, the events described could give rise to suspicions, but suspicion or mere belief does not constitute probable cause. *Aguilar v. Texas,* supra, and *Nathanson v. United States,* 290 U.S. 41, 54 S. Ct. 11 (1933).

However, the Commonwealth earnestly maintains that the presence and use of prohibitive drugs on the premises during the month of April, plus Shaw's reputation as a narcotic user, and his prior arrest for a narcotic violation give "meaning and perspective" to the December 8th occurrences, and, therefore, there was sufficient to warrant a reasonable man in the belief that criminal activity was afoot on December 8th.

The difficulty with the Commonwealth's position is this. In order for the issuance of a search warrant to be constitutionally valid, the issuing officer must reach the conclusion that probable cause exists at the time he issues the warrant. Such a decision may not be made arbitrarily and must be based on facts which are closely related in time to the date the warrant is issued. *Sgro v. United States,* 287 U.S. 206, 53 S. Ct. 138 (1932); *Durham v. United States,* 403 F. 2d 190 (9th Cir. 1968); *Schoeneman v. United States,* 317 F. 2d 173 (D.C. Cir. 1963); and *Dandrea v. United States,* 7 F. 2d 861 (8th Cir. 1925). See also IV Wharton Criminal Law and Procedure §1546 (12th ed. 1957), and authorities cited in 100 A.L.R. 2d 525 (1965). If the issuing officer is presented with evidence of criminal activity at some prior time, this will not support a finding of probable cause as of the date the warrant issues, unless it is also shown that the criminal activity

continued up to or about that time. As aptly stated in *People v. Chippewa Circuit Judge,* 226 Mich. 326, 328, 197 N.W. 539, 540 (1924), "A search warrant must issue, if at all, upon an existing cause. A search warrant is no general arm for ferreting out crime, but a special proceeding, based on present cause, hedged by strict constitutional provisions, must be speedily executed and cannot be issued on a showing of facts existing over 60 days before and not in any way brought down to the date the warrant is issued."

Herein the complaint fails to assert facts which would justify the conclusion that the criminal activity of April continued up to or about December 8th. The fact that automobiles with out-of-state licenses were observed on the premises during the intervening period is insufficient to establish the required element of continuity.

The order of the Superior Court and the judgment of the court of original jurisdiction are reversed, and a new trial is ordered.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.