Commonwealth *v.* Bove, Appellant.

Argued March 23, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*A. A. Guarino,* for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, with him *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 15, 1972:

Appellant, Frank Bove, was found guilty in a non-jury trial of possession of narcotics and dangerous drugs and was sentenced by the Common Pleas Court, Criminal Division, of Delaware County. He now appeals to this court from the judgment of sentence.

Appellant contends that the lower court erred in permitting the Commonwealth to introduce evidence against him resulting from a search authorized by a search warrant issued by a district justice of the peace

of Delaware County. This warrant was issued on February 11, 1971 on information received by the police officer from an informant on January 8, 1971, over one month prior to the issuance of the warrant. Appellant was arrested on February 11, 1971 after the evidence in question was located on his premises. Appellant's conviction resulted solely from the admission of the evidence seized as a result of the search authorized by the warrant. The salient questions involved in his motions for a new trial and in arrest of judgment are probable cause for issuance of the warrant and the timeliness of the warrant.

The search warrant was issued solely upon the written affidavit of Officer F. Bunting, a narcotics officer. The affidavit reads as follows:

"Commonwealth of Pennsylvania :

ss

"County of Delaware :

"On the 11th day of February 1971, before John H. Clune, Esq. one of the District justices of the Peace in and for the said County, personally appeared Francis C. Bunting, Narcotics Officer who, being sworn according to law, doth depose and say that, in the County aforesaid, on or about the 11th day of February 1971, one Frank Bove of 108 Copley Road, Upper Darby, Pa., has in his house Dangerous drugs and Narcotic paraphernalia. The above information was given to Narcotics Officer Francis Bunting by one Barry Todd of 2528 Belmont Ave., Ardmore, Pa. who stated that on Friday, January 8th, 1971 at approximately 5 PM he went to Frank Bove's house at 108 Copley Road Upper Darby, Pa. and purchased spoon of Methadrine for sum of $30.00. After purchasing the Methadrine he discovered there was not $30.00 worth of Methadrine in the bag given to him by Frank Bove. He went back to Frank Bove's House and he gave the additional

Methadrine in the bag given to him by Frank Bove. On several other occasions I have been to Frank Bove's house, and on these occasions saw a supply of drugs which were kept in a safe in Frank Bove's bedroom. I also know he keeps drugs in other parts of the house.

"108 is a two story in height, of brick construction, and is considered to be a twin home. Said home also has an enclosed porch.

"I hereby request a search warrant for the above mentioned premises since I believe that there is probable cause for the issuance of a search warrant for reasons stated above. All this contrary to the Form of the Act of Assembly in such case made and provided, and against the Peace and dignity of the Commonwealth of Pennsylvania, and further saith not.

Signed, Francis C. Bunting
Deponent

"Sworn to and subscribed fore me this 11th day of February 1971.

John H. Clune [SEAL]
Justice of the Peace
My Commission Expires 1st
Monday of January 1976."

In order for a search warrant to be issued, it is necessary that facts establishing probable cause be presented before the issuing authority: *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509 (1964). In determining whether such probable cause existed this court may only consider evidence that was presented to the issuing authority. This evidence may also include oral testimony presented to the issuer, as well as the written information supplied in the sworn affidavits: *Commonwealth v. Crawley*, 209 Pa. Superior Ct. 70, 223 A. 2d 885 (1966). In this case the only information that was presented to the issuing authority was that

contained in the affidavit of Officer Bunting. Therefore, probable cause in this case must be established on the face of the affidavit standing alone.

There would be no problem finding probable cause based on the circumstances of this case had the affiant received the information from the informant on the day of the alleged sale by the appellant to the informant or within a reasonable time thereafter and then procured the search warrant. *Probable cause* must be established *at the time that the warrant was issued: Sgro v. United States,* 287 U.S. 206, 53 S. Ct. 138 (1932); *Commonwealth v. Shaw,* 444 Pa. 110, 281 A. 2d 897 (1971). The lower court below felt that probable cause was established at that time. With this conclusion we must disagree.

There is no merit in appellant's argument that the informer in this case was unreliable since he had never supplied information to the police previously. Our court rejected this argument in *Commonwealth v. Crawley,* supra, where we held that if the information of the informant is otherwise reliable, this lack of prior informing will be no bar to a showing of probable cause.[1] There must, of necessity, be a first time for each informant to supply his information; otherwise no informant could ever become qualified as a reliable

---

[1] It must be understood, however, that the evidence submitted in the affidavit or by oral testimony must still set forth sufficient underlying facts or circumstances necessary to enable the magistrate to determine the existence of probable cause. See *Aguilar, Spinelli, Jones,* and *Crawley,* supra. We agree with the recently announced Supreme Court case of *U. S. v. Harris,* 403 U.S. 573, 581-82, 91 S. Ct. 2075, 2081 (1971), wherein Chief Justice BURGER stated: "To be sure there is no averment in the present affidavit, as there was in *Jones,* that the informant had previously given 'correct information,' but this Court in *Jones* never suggested that an averment of previous reliability was necessary. Indeed, when the inquiry is, as it always must be in determining probable cause, whether the informant's *present* information is truthful or reliable . . ."

source. The contention of the appellant that the informant's statement was unreliable because he was not a user or habituate also has no merit and is not supported by the authorities. Furthermore, it is not necessary that the affiant have personal knowledge of any possession of drugs by the defendant. An affidavit may be based on hearsay information (when there is a "substantial basis" for crediting the hearsay) and need not reflect the direct personal observations of the affiant: *Jones v. United States*, 362 U.S. 257, 80 S. Ct. 725 (1960). However, although there may have been probable cause for the issuance of a warrant *at the time of the alleged sale to the informant, there was no probable cause for such issuance over one month later*. There were no intervening events between the time of the sale to the informant and the issuance of the warrant which could have provided underlying circumstances for probable cause. We are asked to find probable cause for a present search based on an alleged isolated sale which occurred more than a month prior to that search.

The Pennsylvania Supreme Court has provided strong authority against this result in the case of *Commonwealth v. Shaw*, supra. In that case an undercover agent personally witnessed the use of marijuana on defendant's property in April 1968. Rather than make an immediate arrest, he chose to observe defendant's property, traveling past the premises twice per week. During this period he noticed no illegal activity but did observe the presence of automobiles bearing out-of-state license plates. On December 8, 1968 he noticed a "caravan of vehicles" and many long-haired hippie-type individuals who remained there for several hours. Based on these observations, and coupled with his previous personal observations in April, he sought and was granted a search warrant which led to defendant's arrest for illegal possession of narcotics. The

Pennsylvania Supreme Court reversed defendant's conviction for lack of probable cause in the issuance of the search warrant. The court noted that at the time of the issuance of the warrant, there was only an unsubstantiated suspicion of drug possession. See *Aguilar v. Texas*, supra. In the case at bar, there were no events at all alleged to have occurred after the January 8, 1971 alleged sale to the informant. There is some confusing testimony that either the affiant or the informer had seen drugs in a safe in defendant's bedroom, but there is no indication in the affidavit that this was subsequent to the January 8th sale. Such a vague allegation is of no help to support a finding of *present* probable cause. Thus, the facts of this case are even less persuasive than those of the *Shaw* case because here, unlike *Shaw*, there were no suspicious intervening events between the date of the alleged sale on January 8, 1971 and the issuance of the warrant over a month later. "If the issuing officer is presented with evidence of criminal activity at some prior time, this will not support a finding of probable cause as of the date the warrant issues, unless it is also shown that the criminal activity continued up to or about that time": *Commonwealth v. Shaw*, supra. This requirement was certainly not met in the present case.

The United States Supreme Court has enunciated this same requirement: "While the statute does not fix the time within which proof of probable cause must be taken by the judge or a commissioner, it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time": *Sgro v. United States*, supra, at 210. Also speaking to this point, Judge J. Skelly WRIGHT of the United States Court of Appeals, District of Columbia Circuit, noted: ". . . we cannot overlook the fact that the government could cite, and we could find, no case which sustained a

search warrant issued more than thirty days after finding of the evidence which constituted the basis for the search": *Schoeneman v. United States,* 317 F. 2d 173, 177 (1963). The court there concluded that there was a lack of probable cause where there was a period of 107 days between the finding of the evidence and the application for the warrant.

In the instant case the Commonwealth attempts to distinguish the *Shaw* case and the cases cited therein on the ground that the lapse of time in those cases was longer than that involved in this case. The Commonwealth fails, however, to cite any cases where a period of more than a month has been held *not* too long a period of time for probable cause to have existed on the date of the issuance of the warrant. A diligent search reveals that no such case is available.

In a case as this, where the warrant was issued based on an alleged illegal activity that occurred more than one month prior to the issuance of the warrant, and where there was no evidence of any continued illegal activity in the interim, there was no probable cause for the issuance of the warrant. Accordingly, the evidence seized in the search pursuant to such warrant is inadmissible: *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684 (1961).

The evidence is suppressed and the judgment of the lower court is reversed.

WRIGHT, P. J., and WATKINS and JACOBS, JJ., dissent.