Larry David **ROBERTS** and Minnie Evelyn Holder, Appellants,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17901.

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1973.

Don Anderson, Public Defender, for appellants.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

BUSSEY, Judge:

This is an appeal from the judgments and sentences rendered on the verdict of the jury in the District Court of Oklahoma County, Case No. CRF-72-775, finding Minnie Evelyn Holder guilty of the crime of Concealing Stolen Property, and sentencing her to serve thirty (30) days in the county jail and pay a fine of One Hundred Dollars ($100.00); and finding Larry David Roberts guilty of the crime of Concealing Stolen Property, After Former Conviction of a Felony, and sentenced him to serve ten (10) years in the state penitentiary.

The single issue raised on appeal is that the Affidavit for the Search Warrant was not sufficient to establish probable cause for the issuance of the same. The Affidavit for the Search Warrant appears in the following form:

"(1) Bob Tash, Affiant, being first duly sworn, on oath deposes and says that the following property constitutes evidence of the commission of a crime:

(2) Bankamericard out of Bank of Dallas, Texas #4651110209653 in the name of Hubert J. Gray experation date: 1-73 [sic]

(3) and that the above mentioned property is now located as follows: In apt #22 in the Villa West Apartments, a multi-dwelling complex, described as a two story multi-dwelling complex light colored brick and wood in appearance located at 5901 N.W. 34th, in the City of Warr Acres, Oklahoma County, State of Oklahoma.

(4) based upon the following facts: Larry David Robers, WM-approx. 30, lives at 5901 N.W. 34th Apt. #22, Villa West Apartments, this fact being established by this officers independent investigation and that on 3-6-72, subject Roberts illegally used the above credit

card in Shedrick's Jewelry Store in Edmond, Oklahoma, subject Larry David Robers has been positively identified as passing this stolen credit card and on arrest warrant, Warrant # CRF 72-710 has been issued for Larry David Roberts' arrest charging Forgery in the Second Degree. After Former Conviction of a Felony, in Oklahoma County, signed by Judge Britton.

/s/ Bob Tash
Affiant

Subscribed and sworn to before me this 29th day of March, 1972.

/s/ W. C. Kessler
Judge of the District Court
Oklahoma County, Oklahoma."

From the face of the instrument, it is clear that the alleged offense giving rise to the issuance of the search warrant occurred on the 6th day of March, 1972, and the search warrant was issued and executed on the 29th day of March, 1972—some twenty-three (23) days later. There is no positive statement in the Affidavit that Officer Tash, or any other person, observed the stolen credit card on the described premises, but assuming that the card had been observed on the premises on the date of the commission of the crime, we are of the opinion the lapse of twenty-three (23) days would be too remote in time to expect Larry David Roberts to retain possession of the credit card on the premises. In this age of rapid communication, it is not logical to assume that a person using a stolen credit card would retain it in his possession, or attempt to use it, after the lapse of this period of time. For a similar holding that lapse of time may invalidate an Affidavit for Search Warrant, see Commonwealth v. Bove, 221 Pa.Super. 345, 293 A.2d 67. The substance of the search warrant is, in other respects, shaky, at best, but we deem it unnecessary to discuss this proposition further.

The Affidavit for the Search Warrant being insufficient for the issuance of the same, it follows that the evidence obtained under the authority thereof should have been suppressed. This cause is reversed and remanded with instructions to dismiss.

BLISS, P. J., and BRETT, J., concur.