## Commonwealth *v.* Suppa, Appellant.

Argued November 17, 1972. Before WRIGHT, P. J., JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ. (WATKINS, J., absent.)

*William F. Manifesto,* with him *DeCello, Bua & Manifesto,* for appellant.

*Richard F. Andracki,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

In this appeal, appellant contends that the lower court erred in allowing into evidence certain items seized from his person and apartment pursuant to a search warrant issued for the apartment on October 26 and executed on October 28, 1970. It is appellant's contention that on the date of the issuance of the warrant, there were insufficient facts presented to the magistrate to constitute probable cause for the issuance of a warrant. This contention is sound and requires a reversal of the sentences imposed upon the appellant.

The search was conducted at apartment #11, 231 South Matilda Street in the City of Pittsburgh. Numbers slips were found on appellant's person and records of bets were found in the apartment. Previously, on October 10, 1970, appellant was arrested outside of this building, and found to have been in possession of numbers paraphernalia.

The affidavit in support of the warrant sets forth three elements to justify the issuance of the warrant: (1) the arrest of appellant on October 10 and the seizure of numbers paraphernalia on that date; (2) observations by the affiant police officer establishing appellant's presence in the apartment building "at a time when numbers would be picked up"; and (3) information given by a reliable source who had seen appellant enter apartment #11.

At the outset, it must be noted that the latter two statements in the affidavit merely show appellant's use of the apartment subsequent to the October 11 arrest. There is nothing in the affidavit, beyond the bald and unsupported assertion that his entrance was for the purpose of picking up numbers, to reliably indicate that the particulars of appellant's use were anything but innocent. These statements indicate nothing more than innocuous conduct on the part of appellant, and, therefore, cannot in any way establish probable cause for the search of the premises. *Spinelli v. United States,* 393 U.S. 410, 89 S. Ct. 584 (1969).

"In order for the issuance of a search warrant to be constitutionally valid, the issuing officer must reach the conclusion that probable cause exists *at the time he issues the warrant.* Such a decision must be based on facts which are *closely related in time* to the date the warrant is issued. . . . If the issuing officer is presented with evidence of criminal activity at some prior time, this will not support a finding of probable cause as of the date the warrant issues, unless it is also shown that the criminal activity continued up to or about that time. *Commonwealth v. Shaw,* 444 Pa. 110, 113, 114, 281 A. 2d 897 (1971) (emphasis supplied, citations omitted).

The *Shaw* case was followed by this court in *Commonwealth v. Bove,* 221 Pa. Superior Ct. 345, 293 A. 2d 67 (1972) in which we held, per CERCONE, J., a warrant invalid when issued 33 days following a sale of narcotics at the premises in question. In the instant case, as in *Bove,* there are no events (other than appellant's presence) alleged to have occurred after the October 10 arrest that would indicate continuing criminal activity, and thus justify the issuance of a search warrant sixteen days later.[1]

---

[1] We do not mean to indicate that criminal activity occurring 16 days prior to the issuance of a warrant would in all cases be

Moreover, as we indicated in *Commonwealth v. Dial,* 218 Pa. Superior Ct. 248, 255, 276 A. 2d 314 (1971), the fact of a prior arrest is an insufficient basis upon which to establish probable cause for a later search. Thus, not only is the affidavit defective for the failure to allege current activity indicating continuing criminal conduct, but the previous arrest of appellant and the seizure of numbers paraphernalia from him are insufficient facts from which a magistrate could reasonably conclude that appellant was presently in possession of numbers paraphernalia.

For these reasons, we conclude that, as of the date of the issuance of the warrant, the fact that appellant was arrested sixteen days before, followed by his use of the apartment, was an insufficient basis upon which to issue a search warrant. The evidence seized, therefore, should have been suppressed.

The judgment of sentence is reversed, and appellant granted a new trial.

Wright, P. J., would affirm the judgment of the lower court.

---

too remote for a valid warrant to issue. The nature of the criminal activity itself may serve as a reasonable basis upon which to conclude that the activity is continuing. In addition, where a series of illegal acts are observed over a period of time, this fact may serve as a sufficient basis from which to conclude that the activity is of a continuing nature. See *People v. Dolgin,* 415 Ill. 434, 114 N.E. 2d 389 (1953); *Syrakas v. State,* 227 Wis. 59, 277 N.W. 621 (1938); *State v. Best,* 8 N.J. Misc. 271, 150 A. 44 (1930), As previously indicated, facts which tend to show the actual continuance of the criminal activity may serve to update the previously observed act.