Commonwealth *v.* Brown, Appellant.

*Frederick S. Wolf,* and *Beaver & Wolf,* for appellant.

*David J. Brightbill,* Assistant District Attorney, and *George E. Christianson,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 4, 1973.
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that evidence introduced against him in a prosecution for football pool-selling was seized following an unreasonable execution of a search and seizure warrant, and should, therefore, have been suppressed.[1] The contention is sound and requires a reversal of the lower court's refusal to suppress the evidence.

On the basis of information received from a reliable informant and police observations of appellant engaging in suspected pool-selling activities, warrants were issued for searches of appellant's person and automobile. No warrant was issued for appellant's apartment.

After following appellant for some time, the police went to his apartment in order to conduct the searches authorized by the warrants. The police knocked on the door and were met by appellant's girl friend who opened the door about eight inches and stood behind it, as she was clad in bikini pajamas. The police announced their authority to the girl and then, upon seeing appellant, pushed the door open, and the girl aside,

---

[1] Appellant also contends that probable cause for the issuance of the warrant no longer existed because of a four-week delay between the initial observation of appellant's illegal activity and the application for the warrant. While such a delay would normally cause the probable cause to become too stale, *Commonwealth v. Bove,* 221 Pa. Superior Ct. 345, 293 A. 2d 67 (1972), the testimony indicates that the police observed appellant engaging in pool-selling activities until the warrant was executed, thus providing a strong basis for believing appellant's activity to have continued until the day the warrant was executed.

thus entering the premises to execute the body warrant.

After gaining entrance, the police searched appellant and seized several tally sheets and football pool slips which were found on the dining room table.

Of importance in the instant appeal is the fact that appellant, who was standing and speaking on the telephone, was at least partially within the view of the police officers as soon as the door was opened. The testimony at the suppression hearing shows that, at no time prior to the forcible entry, were any actions taken by appellant which indicated an attempt to flee, destroy evidence, or resist the police authority. Indeed, appellant continued to speak on the phone until after the forcible entry was accomplished. The record thus reveals no circumstances necessitating a forcible entry.

"It is settled in this Commonwealth that the Fourth Amendment prohibition against unreasonable searches and seizures demands that before a police officer enters upon private premises to conduct a search or to make an arrest he must, absent exigent circumstances, give notice of his identity and announce his purpose." *Commonwealth v. DeMichel*, 442 Pa. 553, 560, 561, 277 A. 2d 159 (1971). In addition, "even where the police duly announce their identity and purpose, forcible entry is still unreasonable and hence violative of the Fourth Amendment if the occupants of the premises sought to be entered . . . are not first given an opportunity to surrender the premises voluntarily." *Commonwealth v. DeMichel*, at 561. See *Commonwealth v. Riccardi*, 220 Pa. Superior Ct. 72, 283 A. 2d 719 (1971); *U. S. ex rel. Ametrane v. Gable*, 276 F. Supp. 555 (E.D. Pa. 1967); aff'd 401 F. 2d 765 (3d Cir. 1968).

Since the record reveals no exigent circumstances necessitating immediate forcible entry after the announcement of authority, the warrant in the instant

case was executed in an unreasonable manner. The evidence seized at the apartment should, therefore, have been suppressed. The order of the lower court should be reversed and a new trial granted.