Commonwealth *v.* Eazer, Appellant.

Argued September 28, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John J. Hudacsek, Jr.*, with him *Anthony J. Lalama*, and *Hudacsek & Lewis*, for appellant.

*Joseph M. Stanichak*, Assistant District Attorney, with him *Joseph S. Walko*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 27, 1973:

Prior to trial appellant moved to suppress evidence seized in a March 27, 1972 search of his home on the ground that the warrant was not supported by probable cause. The motion was denied and the challenged evidence introduced over objection at trial. Appellant was convicted of conducting a lottery[1] and sentenced to pay a fine of $500 and undergo imprisonment for not less than sixty days nor more than one hundred and twenty days. The Superior Court affirmed. *Commonwealth v. Eazer*, 223 Pa. Superior Ct. 501, 302 A.2d 354 (1973).

We granted allocatur to determine whether the probable cause necessary to obtain a search warrant is established by an allegation of criminal conduct occurring sixty-one days before application for the warrant. We conclude that such a delay dissipates the present probable cause required by the Fourth Amendment[2] to be demonstrated before a warrant may issue.[3] We reverse and grant a new trial.

---

[1] Act of June 24, 1939, P.L. 872, § 601, 18 P.S. § 4601, as amended, Act of December 6, 1972, P.L. 1482, No. 334, § 5 (now 18 Pa. S. § 5512 (1973)).

[2] U.S. Const. amend. IV. The same result is mandated by the Pennsylvania Constitution. Pa. Const. art. I, § 8. See *Commonwealth v. Platou*, 455 Pa. 258, 260 n.2, 312 A.2d 29, 31 n.2 (1973).

[3] Two other alleged errors are urged as requiring reversal. Appellant contends that evidence of incriminating incoming telephone calls is insufficient to justify conviction for conducting a lottery. Secondly, the sufficiency of the evidence is challenged

On January 27, 1972, an undercover police officer entered appellant's newsstand in Beaver Falls and overheard an individual, later identified as "Pattie," placing numbers bets by a telephone in the rear of the store. After briefly conversing with Pattie, the officer placed a fifty-cent bet with him and was informed it would be promptly telephoned to Joe, the owner of the newsstand. The police officer was aware that Joe was appellant, Joseph Eazer. Pattie volunteered that numbers bets could be placed daily at the newsstand during the lunch hour.

Subsequently, police initiated surveillance of Eazer's residence. It was observed that appellant went to his home each day at approximately 11:30 a.m. and returned to his newsstand at approximately 1:00 p.m. Although the surveillance revealed no continuing criminal activity, on March 27, 1972, sixty-one days after the January newsstand encounter, the police obtained a search warrant for appellant's home and automobile. The ensuing search of his home resulted in the seizure of a small quantity of rice paper and the interception of several incriminating telephone calls.

It is well established in this Commonwealth that stale information cannot supply the probable cause necessary for the issuance of a search warrant. *Commonwealth v. Simmons*, 450 Pa. 624, 301 A.2d 819 (1973) ; *Commonwealth v. Shaw*, 444 Pa. 110, 281 A.2d

---

generally. Since we hold that a two month delay between criminal act and warrant application is fatal, we need not reach either proffered sufficiency issue.

Likewise, our disposition obviates the need to determine whether the information presented to the magistrate was sufficient to establish probable cause. Nevertheless, *Commonwealth v. Simmons*, 450 Pa. 624, 301 A.2d 819 (1973), and *Commonwealth v. Shaw*, 444 Pa. 110, 281 A.2d 897 (1971), make it clear that an otherwise sufficient quantum of evidence if stale will not authorize the issuance of a search warrant.

897 (1971); *Commonwealth v. Suppa,* 223 Pa. Superior Ct. 513, 302 A.2d 357 (1973); *Commonwealth v. Bove,* 221 Pa. Superior Ct. 345, 293 A.2d 67 (1972). If, however, it is demonstrated that criminal conduct has in fact continued, then the relevant information, in spite of its vintage, may not be deemed stale. When there is no evidence of continuing criminal activity presented to the magistrate, it has been held that a delay of as little as sixteen days invalidates the warrant. *Commonwealth v. Suppa,* 223 Pa. Superior Ct. 513, 302 A.2d 357 (1973).

Here the Superior Court found that the nature of the crime—conducting a lottery—is ongoing. Considering the continuity inherent in a lottery, the court concluded that, taken with Pattie's invitation to place bets daily, the magistrate had adequate reason to believe the offense was in fact continuing. We cannot agree.

There is no evidence that the investigating officer ever again availed himself of Pattie's invitation. Further, as the Superior Court correctly recognized, surveillance of appellant's home failed to establish continuing criminal activity.[4] Evidence, to demonstrate continuing conduct, must establish actual continuity of the illegal enterprise. *Commonwealth v. Simmons,* supra; *Commonwealth v. Shaw,* supra. A police officer's unsubstantiated impression that a particular crime is of the sort which usually is continuing is not sufficient; nor may a magistrate issue a warrant upon such an impression. *Spinelli v. United States,* 393 U.S. 410, 89 S. Ct. 584 (1969).

---

[4] *Commonwealth v. Eazer,* 223 Pa. Superior Ct. 501, 505, 302 A.2d 354, 356 (1973).

In this Court the Commonwealth has argued that appellant's daily midday trip home constitutes positive evidence of continuing criminal activity. This contention ignores the obvious fact that innumerable law-abiding citizens regularly take lunch at home and return to their businesses.

Absent evidence of continuing criminal conduct, the question before us is whether the officer's report to the magistrate of a two month-old criminal act is too remote in time and certainty to provide the requisite existing probable cause necessary for the issuance of a search warrant. We hold that the probable cause demanded by the Fourth Amendment may not be established by such a stale allegation.

In *Commonwealth v. Simmons*, 450 Pa. 624, 301 A.2d 819 (1973), we reversed a narcotics possession conviction because the application for a search warrant failed to specify the date of an alleged drug sale. Without such information, this Court held, it is impossible for a neutral and detached magistrate to determine whether present probable cause to search exists.

The Court in *Simmons* relied upon the reasoning of *Commonwealth v. Shaw*, 444 Pa. 110, 281 A.2d 897 (1971). In *Shaw* a search warrant issued on December 8, 1968, upon allegation of a single criminal act occurring in April, 1968. We reversed a marijuana conviction based on evidence seized pursuant to that warrant. This Court there emphasized the requirement of present probable cause. "In order for the issuance of a search warrant to be constitutionally valid, the issuing officer must reach the conclusion that probable cause exists at the time he issues the warrant. Such a decision may not be made arbitrarily and must be based on facts which are closely related in time to the date the warrant is issued. . . . If the issuing officer is presented with evidence of criminal activity at some prior time, this will not support a finding of probable cause as of the date the warrant issues, unless it is also shown that the criminal activity continued up to or about that time." 444 Pa. at 113-14, 281 A.2d at 899 (citations omitted).[5]

---

[5] See *Commonwealth v. Simmons*, 450 Pa. 624, 630, 301 A.2d 819, 822-23 (1973) ; *Durham v. United States*, 403 F.2d 190 (9th

In a closely related context, we have recently held invalid, for lack of probable cause, a search warrant executed fifteen days after its issuance. *Commonwealth v. McCants*, 450 Pa. 245, 299 A.2d 283 (1973). Relying on *Shaw*, we recognized that "[t]here are times when the facts and circumstances presented to the magistrate remain unchanged long after the warrant is issued. However, once it is recognized that it is *possible* for the facts and circumstances to change with the passing of time, a redetermination of probable cause is constitutionally required." 450 Pa. at 249, 299 A.2d at 286.

In *McCants* this Court clearly perceived the opportunity for circumvention of the Fourth Amendment's probable cause requirement inherent in the use of stale search warrants.[6] Is it reasonable to contend,

---

Cir. 1968) ; *Schoeneman v. United States*, 317 F.2d 173 (D.C. Cir. 1963). Our own Superior Court, following *Simmons*, supra, and *Commonwealth v. Shaw*, 444 Pa. 110, 281 A.2d 897 (1971), recently struck down search warrants issued upon stale probable cause allegations. *Commonwealth v. Suppa*, 223 Pa. Superior Ct. 513, 302 A.2d 357 (1973) ; *Commonwealth v. Bove*, 221 Pa. Superior Ct. 345, 293 A.2d 67 (1972).

[6] *Commonwealth v. McCants*, 450 Pa. 245, 299 A.2d 283 (1973), has been supplemented by Pa. R. Crim. P. 2005 (adopted October 17, 1973, effective December 16, 1973). Rule 2005 provides that "Each search warrant shall: . . . (d) direct that the search be executed within a specified period of time, not to exceed two (2) days from the time of issuance . . . ."

The commentary to the rule recognizes that in a particular case a warrant could grow stale in less than the two-day maximum and directs the issuing authority to specify such a period when appropriate. See also *United States v. Nepstead*, 424 F.2d 269, 271 (9th Cir.), cert. denied, 400 U.S. 825, 91 S. Ct. 50 (1970). "While it is desirable that police be given reasonable latitude to determine when a warrant should be executed, it is also necessary that search warrants be executed with some promptness in order to lessen the possibility that the facts upon which probable cause was initially based do not become dissipated."

as the Commonwealth does, that although a fifteen day-old warrant will not authorize a search, the police may, for sixty-one days, hold information regarding a criminal act and then use it to establish present probable cause? We think not.

*Simmons, Shaw,* and *McCants* are aimed at the same evil; search warrants executed where the existence of present probable cause has not been established. Here no evidence of continuing criminal activity was offered to the issuing authority. A sixty-one day hiatus between the alleged commission of the criminal act and application for the search warrant vitiates any showing of "probable cause as of the date the warrant issues." *Shaw,* supra at 113, 281 A.2d at 899. In the absence of such a showing, the search warrant for appellant's home offended the Fourth Amendment requirement that "no Warrants shall issue, but upon probable cause . . . ."

The order of the Superior Court is reversed. The judgment of sentence of the Court of Common Pleas of Beaver County is reversed and a new trial granted.

Mr. Chief Justice JONES dissents.