Commonwealth *v.* Novak, Appellant.

Submitted November 16, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

238

*Stephen P. Swem,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., March 31, 1975:

This is an appeal from judgment of sentence arising from appellant's conviction of receiving stolen goods and violation of the Dangerous Drug, Device and Cosmetic Act. Appellant's sole contention is that certain evidence should have been suppressed because the affidavit in support of the search warrant failed to establish probable cause.

The relevant portion of the affidavit is as follows: "Said John Patterson [the informant] stated that he had bought these drugs from Broady [Novak] more than one dozen times within the last two months." The affidavit sets forth no specific dates on which these purchases were made; and, therefore, the first question which must be resolved is *when* are we to assume the transactions between the appellant and the informant took place. The Commonwealth would have us believe that the transactions occurred continuously "within the last two months." If that were the case it would have been very easy for the specific dates and times to be included in the affidavit. This would have eliminated any doubt as to when the transactions occurred. Since this was not done we are now forced to make an assumption as to when the transactions occurred. Generally when the courts are forced to

make an assumption as to when transactions occurred "within" a given period, for purposes of determining probable cause, it must be assumed that the transactions took place in the most remote part of the given period. See 100 A.L.R. 2d 532. The reason for this policy is obvious. If this were not the construction given to this phrase, stale information could be made to appear current by the mere use of "within" language. For example, if a dozen drug purchases were made in the first week of January and one wished to obtain a search warrant in the first week of March based solely on this information he would need only say that "within the last two months a dozen purchases were made", rather than "a dozen purchases were made in the first week of January". Therefore, applying this necessary and logical rule of construction to the facts of the instant case, we must assume that the purchases made from the appellant were made within the beginning of the first month of the two-month period, more specifically we must assume that the information was approximately seven weeks old.

The next question we must resolve is, based on the assumption that the information was seven weeks old, was there sufficient evidence in the affidavit from which one could justify a finding of probable cause necessary for the issuance of the search warrant. The landmark Supreme Court Case of *Sgro v. United States*, 287 U.S. 206, 210 (1932) sets forth the following general rule: "The proceeding by search warrant is a drastic one. Its abuse led to the adoption of the Fourth Amendment, and this, together with legislation regulating the process, should be liberally construed in favor of the individual. . . . While the statute does not fix the time within which proof of probable cause must be taken by the judge or commissioner, it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." [Citations omitted]

The Pennsylvania courts have accepted the *Sgro* view holding that probable cause must be based on facts closely related to the time of the issuance of the warrant. The Pennsylvania Supreme Court in the case of *Commonwealth v. Shaw*, 444 Pa. 110, 113-114 (1971) stated: "If the issuing officer is presented with evidence of criminal activity at some prior time, this will not support a finding of probable cause as of the date the warrant issues, unless it is also shown that the criminal activity continued up to or about that time."

This view was reiterated in the case of *Commonwealth v. Simmons*, 450 Pa. 624 (1973) and in the case of *Commonwealth v. Eazer*, 455 Pa. 320 (1973). It is clear that in this Commonwealth stale information will not be sufficient to support a finding of probable cause necessary for the issuance of a search warrant.

The general rule set forth above was clearly defined in the case of *Commonwealth v. Bove*, 221 Pa. Superior Ct. 345 (1972), where the court was forced to determine if an event which occurred over a month prior to issuance of the warrant was stale information and therefore not sufficient for a finding of present probable cause. The court in *Bove* at page 352 found: "In the instant case the Commonwealth attempts to distinguish the *Shaw* case and the cases cited therein on the ground that the lapse of time in those cases was longer than that involved in this case. The Commonwealth fails, however, to cite any cases where a period of more than a month has been held *not* too long a period of time for probable cause to have existed on the date of the issuance of the warrant. A diligent search reveals that no such case is available. In a case as this, where the warrant was issued based on an alleged illegal activity that occurred more than one month prior to the issuance of the warrant, and where there was no evidence of any continued illegal activity in the interim, there was no probable cause for the issuance of the warrant. Accordingly, the evidence seized in the search pur-

suant to such warrant is inadmissible: Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684 (1961)."

The case of *Commonwealth v. Suppa,* 223 Pa. Superior Ct. 513 (1973) reached the same result as *Bove.* In *Suppa* the criminal activity which occurred only 16 days prior to the issuance of the warrant was found too remote to justify the finding of probable cause. However, it should be pointed out that in *Suppa* the court was careful to note that 16 days between the criminal activity and the issuance of the warrant would not in all cases result in a similar finding. Although the time period is important, the case of *Commonwealth v. Jones,* 229 Pa. Superior Ct. 224 (1974) states that the time period alone may not be the sole determinative factor. In the *Jones* case, information three weeks old was not considered stale due to the nature and quantity of the items seized. The items seized in *Jones* were various weapons which were being kept for the purpose of committing murder and it was unlikely that such items would be quickly disposed of. The items in this case, as in *Bove,* were narcotics being held for sale and it was likely that such items would be quickly disposed of.

Therefore, because we must construe "within the last two months" as information which is seven weeks old, and because the items seized are of such a nature that they would likely be quickly disposed of, we hold that the affidavit failed to establish present probable cause necessary for the issuance of the warrant. Therefore, the evidence seized pursuant to such warrant should have been suppressed.

Judgment of sentence reversed.

---

DISSENTING OPINION BY VAN DER VOORT, J.:

I must respectfully dissent.

In my view, the majority in this case has taken an overly technical approach to the evaluation of the in-

formation supplied to the Magistrate in the search warrant application. This technical approach is not only inappropriate, but is contrary to the guidelines announced by the United States Supreme Court: "If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a *commonsense and realistic fashion.* They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. *Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area.* A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." [Emphasis supplied] *United States v. Ventresca,* 380 U.S. 102, 108 (1965).

The whole basis for the majority's holding is a *judicial* presumption that when "transactions occurred 'within' a given period . . . it must be assumed that the transactions took place in the most remote part of the given period." The application of this little used presumption is in direct diametrical opposition to the "common-sense", "realistic" approach the courts must follow. If we were to engage in a "war" of presumptions, we should not ignore the longstanding legal maxim that once a fact or condition is shown to exist, its existence, absent contrary evidence, is presumed to continue. See *Zuback v. Bakmaz,* 346 Pa. 279, 29 A.2d 473 (1943) ; *Hertz v. Record Publishing Co. of Erie,* 219 F. 2d 397 (3d Cir. 1955), cert. denied 349 U.S. 912, 75 S. Ct. 601, 99 L. Ed. 1247.

However, I believe no amount of trading in presumptions could ever overcome the fact that the information supplied to the Magistrate in this case was sufficient to compel a common sense conclusion that the appellant was a then current possessor and seller of drugs. The Magis-

trate was advised that the informant had purchased drugs more than a *dozen times* within two months preceding the date of the affidavit. It defies logic to *assume* all of these purchases were made at the beginning of the two month period. I think a common sense and realistic approach demands a conclusion that all of the 13 or more drug purchases were part of a lengthy series of transactions within a two month period, rather than 13 purchases in one week, some two months before the date the affidavit was made. As was pointed out by Chief Justice BURGER in discussing a contention of staleness of information in the case of *United States v. Harris*, 403 U.S. 573, 579, 91 S. Ct. 2075, 29 L. Ed.2d 723, 731 (1971) (See footnote denoted by an asterisk "*") : "The informant reported having purchased whiskey from 'respondent within the past two weeks,' which could well include purchases up to the date of the affidavit."

Lastly, I note that cases like *Commonwealth v. Suppa*, 223 Pa. Superior Ct. 513 (1973) and *Commonwealth v. Bove*, 221 Pa. Superior Ct. 345 (1972), which are cited by the majority for support concerning "staleness" of information supplied in an application for a warrant, likewise provide support for my conclusions. These cases discuss the fact that probable cause may be found, despite an allegation of criminal activity at an earlier time, if there is evidence that the criminal activity *continued*. I believe a record of 13 or more drug purchases within a two month period evaluated in the light of common sense reasonably shows a continuous pattern of such activity throughout that time period.

I would affirm the conviction.

WATKINS, P.J., and PRICE, J., join in this dissenting opinion.