Commonwealth *v.* Cunningham, Appellant.

Argued September 30, 1966.   Before BELL, C. J.,
MUSMANNO, JONES, EAGEN and O'BRIEN, JJ.

*David B. Fawcett, Jr.,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, with
him *Robert W. Duggan,* District Attorney, for Com-
monwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 4,
1967:

John Cunningham was indicted for murder and
voluntary manslaughter.   At his trial he was represent-
ed by a Court-appointed attorney.   He pleaded not
guilty and was tried by a Judge and jury.   On June

28, 1963, the jury returned a verdict of guilty of murder in the second degree. Defendant filed a motion for a new trial, which was refused. On October 11, 1963, defendant was sentenced to undergo imprisonment of not less than ten or more than twenty years.

On October 8, 1964, Cunningham filed a petition for a writ of habeas corpus challenging his conviction on the ground that he was denied the assistance of counsel on appeal. The lower Court denied the petition, and we reversed. Pursuant to our Order the lower Court appointed counsel and the Court-appointed counsel filed this direct appeal.

The facts surrounding this crime may be briefly summarized and will be considered in the light most favorable to the verdict winner, i.e., the Commonwealth:

On October 14, 1962, the defendant, John Cunningham, drove his brother Roosevelt Cunningham and William Lowrey to a secluded spot. By prearrangement, the victim, Brodie Lipscomb, followed them in his car. Roosevelt Cunningham left the car and shots were heard. Lipscomb died as the result of these shots. From the evidence, the jury could have found that defendant knew (1) the reason why Lipscomb had been lured and went to the secluded spot and (2) that defendant's brother was going to kill him. Moreover, the gun used to kill Lipscomb was defendant's gun. A search of the automobile revealed that cartridges which fitted the murder gun were hidden in the well of the trunk of the car which defendant drove that night. Subsequently defendant joined in acts and activities calculated to cover up the murder. For example, he went to the house of Ellen B. Smith and put two guns under a mattress. Moreover, Joseph Gilliott testified that after the murder, defendant and his brother came to his house and asked him to be an alibi witness.

Defendant contends (1) that his conviction was based upon insufficient evidence to support a verdict of second degree murder, and (2) that his car was illegally searched and the fruits of this search, viz., the cartridges, were improperly admitted in evidence.

We have carefully examined the record and find that the evidence was more than ample to justify the jury's verdict; indeed the jury would have been warranted in returning a verdict of first degree murder.

Defendant's other contention that the fruits of the search, i.e., the cartridges found in the trunk of his car, were improperly admitted in evidence is equally without merit. Appellant bases this contention on the fact that the Justice of the Peace who issued the search warrant was a county detective and that the resulting search of defendant's automobile was therefore illegal and void. While this was an unwise procedure, defendant does not allege lack of probable cause or even of actual prejudice. He merely argues that the dual capacity of the issuing authority rendered the warrant and the fruits of the search invalid. Under all the facts and circumstances of this case we find no prejudice or reversible error.

Judgment of sentence affirmed.