UNITED STATES of America ex rel.
John CUNNINGHAM, Appellant,

v.

James F. MARONEY, Warden, State Correctional Institution, Pittsburgh, Pennsylvania.

No. 17191.

United States Court of Appeals
Third Circuit.

Submitted June 7, 1968.

Decided July 5, 1968.

John Cunningham, pro se.

Robert W. Duggan, Dist. Atty., Allegheny County, Pittsburgh, Pa. (Charles B. Watkins, Asst. Dist. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and SEITZ, Circuit Judges

## OPINION OF THE COURT

PER CURIAM.

We accept this proceeding of appellant as his appeal from the denial of his application for habeas corpus in the District Court.

The cause arises out of a Commonwealth of Pennsylvania conviction of appellant on June 28, 1963 for second degree murder. The conviction facts indicate that appellant drove his brother and William Lowery to a secluded spot. By prearrangement the later victim, Brodie Lipscomb, followed them in his car. Roosevelt Cunningham, appellant's brother, left the car in which he had been riding, shots were then heard and Lipscomb died as a result of those shots. The evidence warranted belief that appellant knew why Lipscomb had been enticed to the said spot and that his brother intended to kill Lipscomb. Appellant owned the weapon so used and cartridges for it were found hidden in the trunk of the automobile appellant drove. Various acts identified with covering up the killing were participated in by appellant, including the hiding of two guns and testimony

that he and his brother asked Joseph Gilliott to be an alibi witness.

■ Appellant, as he did in the state courts, urges that the evidence was insufficient as a matter of law to sustain his conviction and that the search of the automobile he drove was illegal. We find no federal question in appellant's contention of insufficient proof. Though not decisional here it is our view that there was ample evidence to go to the jury and to justify that tribunal's verdict.

■ The second point raised regarding the search of the car is without merit. Appellant's claim is that the warrant for the search was invalid because the justice of the peace who issued it was a county detective. There is not even an allegation of lack of probable cause for the issuance of the warrant nor is there any charge of prejudice in connection therewith. As Chief Justice Bell for the Pennsylvania Supreme Court, in passing on appellant's direct state appeal, said for the Court with respect to the obtaining of the warrant from the particular issuing officer, "While this was an unwise procedure, defendant does not allege lack of probable cause or even of actual prejudice. He merely argues that the dual capacity of the issuing authority rendered the warrant and the fruits of the search invalid. Under all the facts and circumstances of this case we find no prejudice or reversible error." Com. v. Cunningham, 424 Pa. 18, 20, 225 A.2d 235, 236. We agree with Judge Rosenberg in the District Court that there is no federal question pertaining to the search and seizure involved, which would warrant the granting of the writ requested.

■ Appellant also urges that the Pennsylvania Supreme Court in allowing him to take his direct appeal out of time acted without jurisdiction. The decision of the Court was entirely for and to the benefit of appellant. His present argument re this is frivolous.

■ Finally, appellant asks this Court to release him on bail. No justification appeared for such course prior to this decision on the merits. At this stage the application is moot.

The judgment of the District Court will be affirmed.