Commonwealth *v.* Davis, Appellant.

Argued April 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE and SPAETH, JJ.

*F. Lee Bailey*, with him *Thomas J. O'Neill*, for appellant.

*John G. Alford*, Assistant District Attorney, with him *Robert L. Eberhardt*, Assistant District Attorney, and *Robert W. Duggan*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

This is an appeal from a judgment of sentence imposed on appellant following convictions for conspiracy to sell and possession of a narcotic drug. Appellant's sole contention is that the warrant which authorized a search of his house was not supported by probable cause as required by the Fourth Amendment to the United States Constitution. We believe that the facts presented to the issuing magistrate did not amount to probable cause, that the seizure of the evidence was

therefore illegal, and that its use at appellant's trial was error.

The search was conducted on February 28, 1969, pursuant to a warrant issued that same day. A review of the record indicates that the following information was presented to the magistrate[1] in support of the warrant:[2] (1) numerous visits by four individuals throughout January and February of 1969 who were re-

---

[1] The appellant also contends that the warrant was invalid because at the time of the issuance of the warrant, the issuing magistrate had been an employee of the district attorney's office since 1957, performing many ministerial and administrative duties. The Fourth Amendment requires that the magistrate who determines the existence of probable cause be neutral and detached, and that he not serve merely as a "rubber stamp" for the police. *Aguilar v. Texas*, 378 U.S. 108, 111, 84 S. Ct. 1509, 1512 (1964). The magistrate's testimony indicated a strong tendency to accept whatever the police told him as true when they applied for a warrant. We do not believe that a person with the type of occupational bias that this magistrate had can constitutionally perform the detached judicial functions envisioned by the Fourth Amendment, and strongly disapprove of this practice. See, e.g., *Coolidge v. New Hampshire*, 403 U.S. 443, 450, 91 S. Ct. 2022 (1971) ; *State ex rel. White v. Simpson*, 28 Wisc. 2d 590, 137 N.W. 2d 391 (1965) ; Compare *Commonwealth v. Cunningham*, 424 Pa. 18, 225 A. 2d 235 (1967).

[2] The magistrate was informed by one of the officers of a tip which that officer had received from an informant who stated that he had been told by another individual that "Alonzo's stuff" would soon hit the street. The lower court did not consider this tip in evaluating the probable cause for the warrant, and the Commonwealth concedes that this hearsay on hearsay cannot be used to substantiate probable cause for the warrant. *Roth v. United States*, 391 F. 2d 507 (7th Cir. 1967). Since neither the reliability of the informant's informer was ever shown, nor the circumstances from which he concluded that appellant may have been in possession of drugs ever communicated to the magistrate, the tip does not even approach the requirements of *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584 (1969). The lower court therefore properly excluded any consideration of the tip in evaluating probable cause for the warrant.

puted to be narcotics pushers,[3] one of whom was from Columbus, Ohio; (2) appellant's reputation as a narcotics pusher, and his recent arrest on a narcotics charge; (3) a visit by an individual in a dump-truck who gave a package to appellant's wife who carried it to the house under her trench coat; and (4) a change of automobile license plates from appellant's automobile to a different car. The behavior of the four reputed narcotics pushers was described as suspicious because they "looked around" when arriving and leaving.

The first two factors listed above are clearly insufficient to warrant a finding of probable cause. In *Commonwealth v. Dial,* 218 Pa. Superior Ct. 248, 276 A.2d 314 (1971), we held that the mere detailing of an accused's previous arrests for narcotics violations plus the occurrence of numerous meetings between an accused and known narcotics dealers and users was an insufficient basis from which a magistrate could conclude that the accused was in possession of narcotics. Similarly, in *Commonwealth v. Prasnikar,* 221 Pa. Superior Ct. 469, 292 A. 2d 420 (1972), we held that such information did not afford a reasonable inference that criminal conduct existed, and could not, therefore, provide a sufficient basis for probable cause to issue a warrant. See: *Sibron v. New York,* 392 U.S. 40, 62, 88 S. Ct. 1889, 1902 (1967); *Spinelli v. United States,* 393 U.S. 410, 414, 89 S. Ct. 584, 588 (1969).

---

[3] The police officers who testified at the suppression hearing stated that three of the named individuals and appellant were known among law enforcement officials to be "traffickers in narcotics." There is nothing in the record to indicate that the named individuals had narcotics arrest or conviction records. Indeed, with respect to one of the individuals, the police admitted that they were unaware of that person's criminal record. More importantly, even if the police did have hard information concerning the reputations of the people involved, there is no indication that the information was brought to the magistrate's attention.

Nor do we believe that the "suspicious" circumstance of the visitors looking around adds anything of probative value to their visits. Such actions have been held to be entitled to no weight in supporting a probability that the person so acting is engaged in some criminal activity. *United States v. Long*, 438 F. 2d 628, 630 (D.C. Cir. 1971).

The delivery and receipt of the package are actions which might be performed by any citizen going about his normal activities and are entitled to little, if any, weight in establishing probable cause. *United States v. Henry*, 361 U.S. 98, 103, 80 S. Ct. 168 (1959). Nor does the fact that the package was placed by appellant's wife under her trenchcoat when carrying it to the house cast a necessarily sinister shadow on the incident, for such an act is consistent with either an attempt to protect the contents or to innocently conceal the package from neighbors or persons in the house.

We are left, finally, with the license plate exchange which occurred on the night of February 15, 1969, thirteen days before the search. Police surveillance showed that a Buick automobile left the appellant's home with a license plate registered in appellant's name. A short time later, a Chrysler automobile bearing the same plates returned. We agree with the Commonwealth's argument that such activity is not of an outwardly innocent character. We do not believe, however, that this fact is one which indicates a probability that drugs were present on the premises on the night the warrant was issued.

While such activity might give rise to a suspicion that some possibly criminal activity is presently afoot, that activity, unrelated to any indication of the presence of narcotics at that time or thirteen days later, does not justify a conclusion that narcotic drugs were present on the premises on the date of the issuance of the warrant. A suspicion, no matter how strong, does

not amount to probable cause, *Henry v. United States,* supra, at 361 U.S. 101, especially when the suspicious activity occurred at a time substantially prior to the application for the warrant. See *Commonwealth v. Shaw,* 444 Pa. 110, 281 A. 2d 897 (1971); *Commonwealth v. Suppa,* 223 Pa. Superior Ct. 513, 302 A. 2d 357 (1973).

For the reasons stated above, we do not believe that the magistrate was presented with sufficient facts to justify the issuance of a warrant. Consequently, the evidence seized pursuant to the warrant should have been suppressed. The judgment of sentence is reversed and appellant is granted a new trial.

WRIGHT, P. J. and WATKINS, J., would affirm the judgment below.

---

CONCURRING OPINION BY SPAETH, J.:

I concur in the decision to reverse, but see no reason to go beyond footnote one of Judge HOFFMAN's opinion.

I do not mean to cast aspersions on the issuing authority's integrity. However, the law requires that "an independent judicial officer" determine if probable cause exists for the issuance of a search warrant, *Jones v. United States,* 362 U.S. 257, 270 (1960), and it just cannot be said the issuing authority in this case fits that description. Appellant is entitled to relief on this ground alone.