## Commonwealth v. Browning

Before Honeyman, Scirica and Cirillo, JJ.

*Thomas E. Duffy,* Assistant District Attorney, for Commonwealth.

*Samuel D. Miller, 3rd,* for defendant.

HONEYMAN, J., July 2, 1974.—On the evening of October 5, 1972, after darkness had fallen, a Chel-

tenham Township police officer was staked out in an unmarked car in a residential area of the township which consists of homes varying in value from $60,000 to $90,000, and which area had been the subject of a rash of recent burglaries. The officer noticed a Cadillac automobile travel south on Sycamore Street, stop and park on the northwest corner of Sycamore and Juniper Streets. The driver immediately alighted from the car and ran some 50 yards up the street and between two houses. The officer noticed that the individual who alighted from the car resembled one Thomas Agnew in that the individual answered the description of Agnew in several particulars. Agnew was wanted at the time by the township police on suspicion of burglary.

Thereupon, the officer drove past the Cadillac and observed defendant slumped over in the front seat. The officer called in back-up units, but the individual who resembled Agnew was never found. In the interim, defendant had resumed operation of the Cadillac on Sycamore Street in the opposite direction from which it had been traveling when first observed, and it proceeded slowly past the point where the man resembling Agnew had alighted. The Cadillac was stopped by the officer with the aid of a marked police car, and defendant was asked for identification. Defendant produced an operator's license and put on the interior light of the car and looked in the glove compartment for the owner's registration. At that time, the officer observed two pairs of gloves, two screw-drivers and two small rectangular flashlights on the right front floor of the car.

Defendant was arrested for possession of burglary tools. The case was tried before the undersigned judge and a jury in February of 1974 after a suppression hearing in which suppression of the above-mentioned

gloves and tools was denied. Defendant was adjudged guilty of the crime of possession of burglary tools, and thereupon filed post trial motions for a new trial and in arrest of judgment.

The bulwark of defendant's post trial motions is that the case of Commonwealth v. Swanger, 453 Pa. 107 (1973), prohibits the introduction of the gloves and tools in this case in light of the fact that the tools are poisonous fruit of an illegal "seizure" under the Fourth Amendment to the United States Constitution. In the opinion of this court, defendant has confused a "routine" stop where the officer sees nothing unusual about the automobile or the manner in which it was operated, and a reasonable stop based upon a set of facts justifying the police action in making the stop.

The instant case does not involve the stopping of a vehicle for a "routine check" as did the Swanger case. Here, a police officer was parked in an unmarked stake-out vehicle in a wealthy residential district subject to many burglaries and noticed a car stop and an individual get out and run some 50 yards between two houses. This individual fairly fit the description of a reputed burglary suspect. It was nighttime. The officer put his vehicle in motion and drove past the parked vehicle where he noticed a man slumped down in the front seat. The parked car then proceeded in motion in the opposite direction from whence it came. The officer stopped the car, and walked up to the driver to ask for identification. Since it was night, the driver turned on the interior light and the officer noticed the tools which the defendant claims should not have been admitted at trial. This court fails to see any question in this case of stopping a car without probable cause on the part of the police officer.

In the Swanger case the court said that:

"The crucial question, therefore, is whether the stop or seizure of the vehicle here was unreasonable and, therefore, constitutionally impermissible": 453 Pa. at 111.

The court said further that:

"The crux of our decision that a stop of a single vehicle is unreasonable where there is no outward sign the vehicle or the operator are in violation of the Vehicle Code, goes to the Commonwealth's argument the police need no justification to stop the vehicle. We rule before the government may single out one automobile to stop, there must be specific facts justifying this intrusion": 453 Pa. at 112.

Defendant contends that here there was no violation of The Vehicle Code, and no attempt to evade the police. Therefore, he contends that there was no probable cause to stop the car, and that the officer, therefore, did not have the position that was required to afford the opportunity for plain view of the tools. The officer's personal observations, in addition to the suspicious conduct of defendant, was sufficient cause to at least stop the car and examine the driver. The Fourth Amendment does not require a police officer who lacks information necessary for probable cause to arrest to simply look the other way while a crime occurs or a criminal makes his getaway: Commonwealth v. DeJesus, 226 Pa. Superior Ct. 79 (1973). The DeJesus case involved a police officer who approached a parked vehicle on information received from a group of people in another automobile who claimed that the driver of the parked automobile had tried to run them off the road. Since it was nighttime, the officer flashed his light into the window of the parked vehicle and asked the driver to get out and identify himself. The officer then noticed something shiny inside the vehicle which he reached in and re-

moved. It was a fully loaded, unregistered revolver. The lower court suppressed the revolver relying on the Swanger case. The Superior Court reversed the order of the lower court on the grounds that Swanger was inapposite.

Although the facts of the instant case and DeJesus differ in that here the police officer acted on his own observations rather than those of a third person and here the officer stopped the vehicle rather than approaching a voluntarily stopped vehicle, this court is of the opinion that the reasoning of DeJesus should apply to the instant case. Defendant cites numerous cases for the proposition that strong suspicion will not substitute for the probable cause needed to arrest, search or issue a warrant. See Commonwealth v. Davis, 225 Pa. Superior Ct. 242 (1973); Commonwealth v. Simmons, 450 Pa. 624 (1973) and Commonwealth v. Shaw, 444 Pa. 110 (1971). None of these cases apply in light of the fact that the instant case does not involve the degree of information necessary for an arrest or a search or the issuance of a warrant, but rather the justification needed to stop and temporarily detain and question an individual such as defendant in this case. The fact that the individual is in a motor vehicle is of no import. What is important is that the police justify the detention or the stop. See Swanger, supra. In that case, they failed to; in the instant case, the justification was ample.

## ORDER

And now, July 2, 1974, defendant's motion in arrest of judgment and for a new trial are refused; defendant is ordered to appear at 1:30 p.m. on Friday, July 12, 1974, in Courtroom 1, to receive the sentence of the court.