[J-58-2016] [MO: Wecht, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 709 CAP |
| | : | |
| Appellee | : | Appeal from the Judgment of Sentence |
| | : | imposed on October 9, 2014 in the |
| | : | Court of Common Pleas, York County, |
| v. | : | Criminal Division at No. CP-67-CR- |
| | : | 0006857. |
| | : | |
| TIMOTHY MATTHEW JACOBY, | : | SUBMITTED:  May 10, 2016 |
| | : | |
| Appellant | : | |

## CONCURRING OPINION

**JUSTICE MUNDY**                                                **DECIDED:  September 28, 2017**

I join the resolution of all Appellant's issues in the Court's opinion except for the discussion in Part V, which pertains to Appellant's challenge to the search warrant for his home.   The Court concludes that Appellant's Fourth Amendment rights were violated, but the error was harmless.  Majority Op. at 26-27.  I agree that the probable cause affidavit was sufficient to show Appellant's identity as the perpetrator.  However, in my view, there was also probable cause to believe that the murder weapon would be found in Appellant's residence.  I further conclude the affidavit's information was not stale.

The Court accurately summarizes Appellant's arguments, as well as the appropriate standards and legal parameters surrounding the Fourth Amendment of the United States Constitution, Article I, Section 8 of the Pennsylvania Constitution, search warrants, and probable cause.  *See generally id.* at 19-20.  I therefore need not restate them here.  I only add that within the probable cause inquiry, the Superior Court has

long held that "[a]ge of the information supporting a warrant application is a factor in determining probable cause." *Commonwealth v. Leed*, 142 A.3d 20, 25 (Pa. Super. 2016) (citation omitted). Moreover, "[i]f too old, the information is stale, and probable cause may no longer exist." *Id.* (citation omitted). However, the intermediate court has cautioned that "[t]he determination of probable cause is not merely an exercise in counting the days or even months between the facts relied on and the issuance of the warrant . . . [r]ather, we must also examine the nature of the crime and the type of evidence." *Id.* (citation omitted)

The Court gives an accurate summary of the information contained in Detective Layden's probable cause affidavit. *See generally* Majority Op. at 21-22. In my view, this information was not "stale" and gave rise to the inference that Appellant's registered firearm would be found in his residence. The affidavit revealed the police were investigating a homicide and were looking for, among other things, "guns, ammunition, and any related packaging or gun-related items[.]" Search Warrant S-51, Application, 7/6/11, at 1. The trial court concluded the information was not stale on two bases. First, the trial court noted that "guns are durable and sometimes valuable objects that people typically hold on to for the long term." Trial Ct. Op., 9/21/15, at 4. Second, the court added, "the fact that [Appellant] is a convicted felon and therefore unable to legally obtain another firearm, increases the likelihood that he would have held on to the firearm already in his possession."[1] *Id.* This is consistent with the Superior Court's precedent. *Compare Commonwealth v. Jones*, 323 A.2d 879, 882 (Pa. Super. 1974) (noting that weapons kept for the purpose of committing homicide were not so likely to be quickly disposed of), *with Commonwealth v. Novak*, 335 A.2d 773, 775-76 (Pa.

---

[1] Appellant pled *nolo contendere* to one count of robbery, graded as a second-degree felony on November 13, 2006.

Super. 1975) (concluding that search warrant for drugs based on seven-week old information was stale because narcotics being held for sale "would likely . . . be quickly disposed of[]").

Additionally, while this Court has not reviewed the issue, I observe the Courts of Appeals have routinely concluded that judges are permitted to infer, based on their own common sense, that suspects keep instrumentalities of crime in their own residences.

> The justification for allowing a search of a person's residence when that person is suspected of criminal activity is the common-sense realization that one tends to conceal fruits and instrumentalities of a crime in a place to which easy access may be had and in which privacy is nevertheless maintained. In normal situations, few places are more convenient than one's residence for use in planning criminal activities and hiding fruits of a crime.

*United States v. Kapordelis*, 569 F.3d 1291, 1310 (11th Cir. 2009) (quoting *United States v. Green*, 634 F.2d 222, 226 (5th Cir. Unit B Jan. 1981)); *see also United States v. Feliz*, 182 F.3d 82, 88 (1st Cir. 1999) ("[w]e do not find it unreasonable for the issuing judge in this case to have relied upon her common sense, buttressed by affiant's opinion as a law enforcement officer, that Feliz would be likely to keep proceeds from his drug trafficking and records relating to drug transactions at his apartment[]"); *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986) ("[a] magistrate is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense[]") (citation omitted). Therefore, in my view, the trial court did not err in using its own common sense in observing that "guns are durable and sometimes valuable objects that people typically hold on to for the long term." Trial Ct. Op., 9/21/15, at 4. Thus, I agree with the trial court that the passage of 15 months from the date of the murder to the date of the search warrant application did not render the affidavit's information stale. Based on these considerations, I conclude

the warrant was supported by probable cause as there was a "fair probability" that evidence of the crime could be found in Appellant's residence. *Johnson*, 42 A.3d at 1031. I would also hold that the probable cause affidavit's information was not stale.

Based on the foregoing, I conclude that Appellant's Fourth Amendment challenge to the search warrant for his residence lacks merit. As a result, there is no need to consider the harmless error doctrine as to this issue. Accordingly, I join the opinion of the Court, except as to Part V, with which I respectfully concur in the result only.

Justice Baer joins this concurring opinion.