J-S69025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANUEL RIOS, JR. | : | |
| | : | |
| Appellant | : | No. 495 MDA 2018 |

Appeal from the PCRA Order March 16, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001556-2016,
CP-36-CR-0002121-2017, CP-36-CR-0003555-2017,
CP-36-CR-0004452-2016, CP-36-CR-0004992-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:            **FILED NOVEMBER 02, 2018**

Manuel Rios, Jr., appeals from the order, entered in the Court of Common Pleas of Lancaster County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

Rios was arrested for various offenses related to the sale of narcotics and charged at four docket numbers.  He ultimately entered a negotiated plea agreement with respect to all of them.  Pertinent to this appeal, at docket number 2121 of 2017, Rios pled guilty to one count of person not to possess a firearm and received a sentence of 5 to 10 years' incarceration, the lengthiest single sentence imposed pursuant to the plea agreement.[1]  The

---

[1] Rios' other sentences were imposed concurrently and his aggregate sentence was 5 to 10 years' imprisonment.

firearm in question was seized during a raid of his residence executed pursuant to a search warrant, the validity of which forms the crux of this appeal. Rios did not file post-sentence motions or a direct appeal.

On September 25, 2017, Rios filed a timely *pro se* PCRA petition. The court appointed counsel, who filed an amended petition on January 18, 2018. The Commonwealth filed its answer and, on February 16, 2018, the PCRA court issued a notice of intent to dismiss Rios' petition without a hearing pursuant to Pa.R.Crim.P. 907. By order dated March 15, 2018, the court dismissed Rios' petition.

Rios filed a timely appeal to this Court. Both Rios and the PCRA court have complied with Pa.R.A.P. 1925. Rios raises the following claim for our review:

> Whether the [PCRA] court erred in denying [Rios'] amended PCRA [petition] without holding a hearing when trial counsel was ineffective by advising [Rios] to plead guilty despite the fact that he had a meritorious motion to suppress pertaining to the charges docketed to number 2121 of 2017?

Brief of Appellant, at 4.

We begin by noting that our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010). The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. ***Id.***

- 2 -

Rios' claim asserts the ineffectiveness of plea counsel. "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012), citing *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). To prove that counsel was ineffective, a petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) he was prejudiced by counsel's act or omission. *Koehler*, 36 A.3d at 132. Failure to prove any prong of this test will defeat an ineffectiveness claim. *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014). In order to invalidate a plea on the basis of ineffectiveness of counsel, a petitioner must plead and prove that the ineffectiveness caused an involuntary or unknowing plea. *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002).

A PCRA court may dismiss a petition without a hearing when it is satisfied there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. *Commonwealth v. Cousar*, 154 A.3d 287, 297 (Pa. 2017).

Here, Rios claims that plea counsel was ineffective for advising him to accept a plea, despite the fact that he had a meritorious suppression claim with regard to the fruits of the search performed, pursuant to a warrant, at

his residence at 646 West Walnut St., First Floor, in the City of Lancaster. In particular, Rios alleges that probable cause did not exist within the four corners of the warrant's supporting affidavit and, thus, a suppression motion would have been granted had he not pled guilty on the basis of faulty advice from counsel. The affidavit of probable cause relied, in part, on statements made to police by a confidential informant ("CI") who was familiar with Rios and had previously purchased cocaine from him at his residence. Rios asserts that the information provided by the CI was stale by the time the affidavit was prepared, approximately two months after the CI last purchased cocaine from Rios. Moreover, Rios claims that the additional facts included in the affidavit – including a statement from a "concerned citizen" and the details of a trash pull conducted by the affiant – were insufficient to cure the staleness of the CI's information.

The Fourth Amendment to the U.S. Constitution and Article I, Section 8 of the Pennsylvania Constitution require that search warrants be supported by probable cause.

> The legal principles applicable to a review of the sufficiency of probable cause affidavits are well settled. Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. The standard for evaluating a search warrant is a "totality of the circumstances" test as set forth in **Illinois v. Gates**, 462 U.S. 213 [] (1983), and adopted in **Commonwealth v. Gray**, [] 503 A.2d 921 ([Pa.] 1985). A magistrate is to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a

fair probability that contraband or evidence of a crime will be found in a particular place. The information offered to establish probable cause must be viewed in a common sense, nontechnical manner. Probable cause is based on a finding of the probability, not a *prima facie* showing of criminal activity, and deference is to be accorded a magistrate's finding of probable cause.

*Commonwealth v. Manuel*, 2018 PA Super 232, *9 (Pa. Super. 2018) (quotation marks omitted).

In the instant matter, Rios alleges that the affidavit lacked probable cause because it was based on stale information.

[A]ge of the information supporting a warrant application is a factor in determining probable cause. If too old, the information is stale, and probable cause may no longer exist. Age alone, however, does not determine staleness. The determination of probable cause is not merely an exercise in counting the days or even months between the facts relied on and the issuance of the warrant. Rather, we must also examine the nature of the crime and the type of evidence.

*Commonwealth v. Hoppert*, 39 A.3d 358, 363 (Pa. Super. 2012). "If the issuing officer is presented with evidence of criminal activity at some prior time, this will not support a finding of probable cause as of the date the warrant issues, unless it is also shown that the criminal activity continued up to or about that time." *Commonwealth v. Novak*, 335 A.2d 773, 775 (Pa. Super. 1975), quoting *Commonwealth v. Shaw*, 281 A.2d 897, 899 (Pa. 1971).

Here, a finding of probable cause is amply supported by the affidavit. The affiant, Detective Craig Parduski of the Lancaster County Drug Task Force, explained that, as a result of his training and experience, as well as common sense and common knowledge, he is aware that sellers of illegal drugs often

keep evidence of their illicit activities, including drug and packaging paraphernalia, written records, cash proceeds, and firearms, in their residences. Detective Parduski further stated that, in February 2017, he met with a CI who had provided information leading to at least one arrest and felony drug conviction. The CI was familiar with Rios and knew that he sold cocaine from his residence, as the CI had purchased cocaine from Rios at his residence in February 2017.

Detective Parduski also averred that, in April 2017, he spoke with a "concerned citizen" who had witnessed a male occupant at Rios' address making repeated short-term walks from, and back to, his residence all day long. The citizen had also seen the male with a large bundle of cash in his hand, and noted that the male had installed several video surveillance cameras on the residence. When shown a photograph of Rios, the citizen identified him as the male he had seen.

The affiant further stated that, on April 11, 2017, he and another detective conducted a trash pull at Rios' residence, during which they discovered white trash bags containing documentation for Rios at the address in question along with 33 plastic sandwich bags with the corners torn off. Detective Parduski, through his training and experience, was aware that the baggies were indicative of the packaging of drugs, specifically cocaine, for sale.

Finally, Detective Parduski stated that Rios had previously been arrested and convicted of possession and possession with intent to deliver narcotics.

Under the totality of the circumstances, the information provided in the affidavit of probable cause was sufficient to support the issuance of a warrant for Rios' residence. Although the information provided by the CI was approximately two months old at the time the affidavit was executed, Detective Parduski received new additional information from the "concerned citizen" tending to show that criminal activity continued up to or about the date of the affidavit.[2] **Novak**, **supra**. Evidence obtained during the trash pull, conducted on the very day the affidavit was executed, further bolstered the inference of current and ongoing criminal activity.

In sum, the affidavit contained a substantial basis to conclude that criminal activity was afoot in Rios' residence and that Rios was involved. Because Rios' suppression motion was without merit, plea counsel cannot be deemed ineffective for advising him to plead guilty prior to the disposition of the motion. **Fears**, **supra** (failure to prove any prong of ineffectiveness test will defeat ineffectiveness claim). Accordingly, the PCRA court did not err in dismissing Rios' petition without a hearing. **Cousar**, **supra**.

---

[2] We note that a tip from an anonymous "concerned citizen" would not be sufficient, standing alone, to support a finding of probable cause. **See Manuel**, **supra** (information provided by a CI whose reliability has not been adequately corroborated insufficient to establish probable cause to support issuance of warrant). Here, however, the totality of the circumstances, including corroborative evidence obtained by police, is sufficient to support the issuance of a warrant.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/2/2018