J-S33012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON ANDREW LEAR | : | |
| | : | |
| Appellant | : | No. 864 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 8, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004921-2020

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                          **FILED DECEMBER 09, 2021**

Jason Andrew Lear appeals from the judgment of sentence of three to eleven and one-half months of incarceration, which was imposed after he was convicted at a non-jury trial of possession of a controlled substance and possession of drug paraphernalia.  We affirm.

The trial court aptly provided the following factual and procedural history.

> The charges in the instant case arose as a result of the execution of a search warrant on [Appellant's] residence and the detached shed/structures/outbuildings . . . [in] Warrington Township, Bucks County.  The warrant was obtained based on information received from Lower Moreland Police Department regarding an ongoing, multijurisdictional investigation into thefts from vehicles and construction sites in the surrounding area.  The items to be searched for and seized were identified as "snow plow equipment, tools, construction tools and equipment, bicycles, backpacks, trail cameras, cellular telephones, and any other times considered to be contraband."  The probable cause affidavit in support of the search warrant application outlined more than 25

such incidents that occurred between September of 2019 and May 15, 2020. Most of the vehicles involved were locked and were entered by shattering a window of the vehicle. In each theft, snowplow equipment was taken, *i.e.* snowplow controllers, metal plow connects, snowplow mount boots and a salt spreader system. Video surveillance at several of the crime scenes showed that those crimes were committed by a man on a bicycle who was wearing a dark hooded sweatshirt with the hood pulled up. The perpetrator had a backpack which was used to store the stolen property.

The search warrant was executed on May 21, 2020. During the search of a second-floor bedroom of the residence, Detective Sergeant Kevin Stebner of the Warrington Township Police Department found a number of items relating to the theft investigation. One piece of evidence was a spring-loaded center punch, a tool which resembles a pen and is commonly used by thieves to break windows to gain entry into locked vehicles or buildings. Detective Sergeant Stebner also found a glass smoking pipe. The pipe and the center punch were found in a dresser drawer in the bedroom. The pipe was wrapped in white paper and was taped to the spring-loaded center punch. The wrapped pipe was the same size and shape as the center punch to which it was affixed. While at the scene, Detective Sergeant Stebner removed the paper wrapping and found the pipe. A brief visual inspection revealed that the bowl of the pipe had charring on the outside and visible burnt residue on the inside. At the time of trial, Detective Sergeant Stebner had 18 years in law enforcement and participated in several hundred drug investigations. He testified that, in his training and experience, a pipe of this type is commonly used to smoke methamphetamine. The pipe was therefore taken into evidence and was later sent . . . for analysis. Laboratory analysis of the burnt residue in the pipe revealed the presence of methamphetamine, a Schedule II controlled substance.

On June 8, 2020, [Appellant] was charged with possession of a controlled substance (methamphetamine) and use of/possession with intent to use drug paraphernalia (glass smoking pipe). On March 5, 2021, [Appellant] filed a pretrial

motion seeking to suppress the glass smoking pipe and the results of the subsequent laboratory analysis of that pipe.[1] . . .

      On March 8, 2021, a suppression hearing was held,[2] and [Appellant's] motions were denied and the matter proceeded to a bench trial. On that same date, [Appellant] was convicted of both possession charges and was sentenced to pay court costs and to undergo a term of incarceration of 3 to 11½ months on the possession of a controlled substance conviction. He was given credit for the time he had served and was granted immediate parole. [Appellant] was directed to obtain a drug and alcohol evaluation and abide by all treatment recommendations. No post-sentence motions were filed.

Trial Court Opinion, 6/28/21, at 1-3 (cleaned up). This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues for our review:

A. Did Appellant make a knowing, voluntary, and intelligent waiver of his right to a trial by jury?

B. Did the trial court err in denying the motion to suppress where the search warrant was not supported by probable cause?

C. Did the trial court err in denying the motion to suppress where the search exceeded the scope of the search warrant?[3]

---

[1] Appellant asserted that (1) the search warrant was not supported by probable cause because the information relied upon was stale; (2) the search warrant was not supported by probable cause because no nexus existed connecting the crime under investigation and the paraphernalia seized; (3) the search warrant failed to comply with the particularity requirements; and (4) the officers exceeded the scope of the warrant. **See** First Amended Omnibus Pre-trial Motion, 3/5/21.

[2] The Commonwealth called Detective Sergeant Stebner and admitted the affidavit of probable cause and photographs taken during the search.

[3] Appellant does not address this claim in the argument section of his brief. Since he completely failed to develop an argument, we deem it waived. **See** *(Footnote Continued Next Page)*

Appellant's brief at 8.

In his first issue, Appellant argues that "the record makes clear that there was no discussion at all regarding the rights Appellant was waiving by proceeding with a non-jury trial" and "the trial court utterly failed to address the waiver of a jury trial in any way." *Id*. at 12. The trial court, however, concluded that Appellant waived this issue by failing to raise it at trial or in a post-sentence motion. Trial Court Opinion, 6/28/21, at 7. We agree.

This Court recently addressed, in a non-precedential decision, the preservation of jury waiver claims as follows:

> In general, claims concerning the validity of a jury waiver colloquy are subject to the principles of waiver. *See*, *e.g.*, *Commonwealth v. Gumpert*, 512 A.2d 699, 701-03 (Pa.Super. 1986) (holding that where a defendant failed to object to the complete absence of a jury waiver colloquy before the trial court, the issue was waived "insofar as the trial court was denied an opportunity to correct the deficiency");[2] *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). To the extent that these issues touch upon areas of constitutional concern, we note that even issues of "constitutional dimension" may not be raised for the first time on appeal. *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa.Super. 2008).
>
> _____
> [2] This Court's holding in *Commonwealth v. Gumpert*, 512 A.2d 699, 701-03 (Pa.Super. 1986) was largely predicated upon the language of Pa.R.Crim.P. 1123(a) and 1101, which have since been repealed. *See* Pa.R.Crim.P. 1100. Nonetheless, we find *Gumpert* remains instructive insofar as it identifies the utility of requiring defendants to raise issues related to jury waiver colloquies promptly and holds

*Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014) ("It is not the obligation of an appellate court to formulate appellant's arguments for him." (cleaned up)).

that such claims are not non-waivable under generally applicable procedural principles.

Our review of the transcripts of testimony and the certified record confirm that [Anderson] asserted this claim for the first time in his Rule 1925(b) concise statement of errors complained of on appeal. Accordingly, we are constrained to conclude that [Anderson] has waived this issue.[3] *See* Pa.R.A.P. 302(a).

_____
[3] In two recent non-precedential cases, this Court found waiver in circumstances that are procedurally identical to the instant case. *See Commonwealth v. Butler*, 224 A.3d 763 (Pa.Super. 2019) (non-precedential decision at 5) (finding waiver under *Gumpert* and Rule 302 where the defendant "failed to object to the voluntariness of either his jury trial waiver or his stipulation to the Commonwealth's evidence, nor did he otherwise raise these issues in his post-sentence motions"); *Commonwealth v. Gore*, 224 A.3d 763 (Pa.Super. 2019) (non-precedential decision at 2) (same). While these cases are not binding, they do constitute "persuasive" authority pursuant to Pa.R.A.P. 126(b). Specifically, we cite them here for the proposition that *Gumpert* remains good law in Pennsylvania.

*Commonwealth v. Anderson*, 258 A.3d 502 (Pa.Super. 2021) (non-precedential decision at 6-7).

Likewise, while *Anderson* is not binding, we find this series of cases persuasive and agree that *Gumpert* remains good law as it pertains to preservation of jury waiver claims. Instantly, Appellant asserted this claim for the first time in his Rule 1925(b) statement. Accordingly, it is waived.

Appellant's remaining issue attacks the trial court's denial of his omnibus pre-trial motion to suppress. Appellant's argument is two-fold: (1) the warrant was not supported by probable cause because it relied upon stale information; and (2) the warrant was overbroad insofar as it permitted the

seizure of "any other items considered to be contraband." Appellant's brief at 18-23.

Our review is guided by the following principles:

An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa.Super. 2017) (cleaned up).

We begin with Appellant's staleness argument. Probable cause exists where "the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Commonwealth v. Martin*, 101 A.3d 706, 721 (Pa. 2014). When making a probable cause determination, we consider the totality of the circumstances from the vantage point of a "prudent, reasonable, cautious police officer on the scene at the time." *Id*.

"Settled Pennsylvania law establishes that stale information cannot provide probable cause in support of a warrant."

*Commonwealth v. Janda*, 14 A.3d 147, 158 (Pa.Super. 2011) (citation omitted). In particular:

> [A]ge of the information supporting a warrant application is a factor in determining probable cause. If too old, the information is stale, and probable cause may no longer exist. Age alone, however, does not determine staleness. The determination of probable cause is not merely an exercise in counting the days or even months between the facts relied on and the issuance of the warrant. Rather, **we must also examine the nature of the crime and the type of evidence.**

*Id*. at 158–59 (emphasis added).

> . . . In *Commonwealth v. Novak*, 335 A.2d 773, 775–76 (Pa.Super. 1975), we noted that observation of narcotics seven weeks prior to applying for a warrant did not provide probable cause to search the defendant's residence for drugs. We reasoned that a stale observation of items that can be quickly disposed of, such as drugs, does not provide probable cause for a warrant absent evidence of an ongoing course of conduct on the part of the defendant. *Id*. However, more recently we observed in *Janda*, that "shoes, unlike drugs, are not an item commonly disposed of soon after they come into their owner's possession [and that] the issuing authority needed to find only a 'fair probability' that the shoes Janda wore during the Berks County burglary would be found at his apartment." *Janda*, 14 A.3d at 159.

*Commonwealth v. Hoppert*, 39 A.3d 358, 363 (Pa.Super. 2012) (cleaned up).

According to Appellant, the affidavits in support of the search warrant did not contain "any recent information which would support the allegation that proceeds of the alleged thefts would be located in Appellant's home on May 21, 2020, the date the warrant was issued." Appellant's brief at 19. Instead, he argues the affidavit details thefts dating back to 2013, as well as

"numerous thefts which are alleged to have occurred during the period from October 28, 2019, to February 27, 2020, nearly three months prior to the issuance of the search warrant[,]" where the actor allegedly fled on a BMX bike. *Id*. Appellant further argues that the most recent theft, occurring in May 2020, was not linked to the other thefts because no BMX bike was involved and it occurred in a "jurisdiction with no apparent nexus to Appellant or the other thefts[.]" *Id*. at 19-20. Finally, Appellant argues that information concerning eBay accounts believed to be connected to the stolen property was also stale as it dated to April 30, 2020. *Id*. at 20.

In evaluating whether there was probable cause for the issuance of the warrant, the trial court found that the information relied upon was sufficient and not stale. Specifically, the court explained its reasoning as follows:

> [T]he fact that most of the crimes were committed months before the search warrant was obtained is not determinative since the criminal conduct did not end in February of 2020. As described in the probable cause affidavit, the thefts were part of ongoing criminal activity. The last criminal act in this series of crimes occurred sometime between May 15 and May 18, 2020, only days before the warrants were issued. Moreover, [Appellant's] argument also ignores the fact that evidence connecting [Appellant] to the thefts was observed at his residence on the date the search warrant was issued. Specifically, the warrant states that law enforcement officers arrested [Appellant] at his residence at 6:00 a.m. on May 21, 2020, at which time they observed two vehicles that were involved in two of the theft cases in the driveway of the residence. A backpack was seen in plain view in one of those vehicles. Those law enforcement officers also observed a bicycle matching the bicycle depicted in the video surveillance of many other thefts and various pieces of equipment and tools consistent with some of the items taken during the thefts. Under these circumstances, the issuing authority could reasonably conclude that there was probable cause to believe that

- 8 -

the "items to be searched for," *i.e.* "Snow plow equipment, tools, construction tools and equipment, bicycles, backpacks, trail cameras, cellular telephones and any other items considered to be contraband" would be found at the premises to be searched. [Appellant's] claim that there was no probable cause due to the staleness of the information provided by the affiants therefore lacks merit.

Trial Court Opinion, 6/28/21, at 5 (cleaned up).

Upon review of the affidavit of probable cause, we find ample record support for the trial court's factual findings. Furthermore, its conclusion that there was probable cause for the issuance of the search warrant and that the information relied upon was not stale was legally sound. The facts alleged in the fourteen-page affidavit, involving a continuing scheme of stealing snow plow controllers and other tools for resale on eBay, were "sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." **Martin**, **supra** at 721. No relief is due.

Lastly, Appellant argues that the phrase "any other items considered to be contraband" rendered the warrant overbroad. We consider this claim mindful of the following:

"It is a fundamental rule of law that a warrant must name or describe with particularity the property to be seized and the person or place to be searched[;]" this particularity requirement prohibits both a warrant that is not particular enough and a warrant that is overbroad. **Commonwealth v. Dougalewicz**, 113 A.3d 817, 827 (Pa. Super. 2015) (citation omitted). A warrant that is not particular enough "authorizes a search in terms so ambiguous as to allow the executing officers to pick and choose among an individual's possessions to find which items to seize[,]" resulting in "the general 'rummaging' banned by the Fourth Amendment." **Id**. An overbroad warrant "authorizes in clear or specific terms the seizure of an entire set of items, or

- 9 -

documents, many of which will prove unrelated to the crime under investigation[,]" and "is unconstitutional because it authorizes a general search and seizure." ***Id***.

However, search warrants should "be read in a common sense fashion and should not be invalidated by hypertechnical interpretations. This may mean, for instance, that when an exact description of a particular item is not possible, a generic description will suffice." ***Commonwealth v. Rega***, 933 A.2d 997, 1012 (Pa. 2007) (quoting Pa.R.Crim.P. 205 cmt.). Accordingly, "where the items to be seized are as precisely identified as the nature of the activity permits . . . the searching officer is only required to describe the general class of the item he is seeking." ***Id***. (citation omitted). Importantly, "[b]ecause the particularity requirement in Article I, Section 8 is more stringent than in the Fourth Amendment, if the warrant is satisfactory under the Pennsylvania Constitution it will also be satisfactory under the federal Constitution." ***Commonwealth v. Orie***, 88 A.3d 983, 1003 (Pa. Super. 2014).

***Commonwealth v. Kane***, 210 A.3d 324, 332–33 (Pa.Super. 2019) (cleaned up).

In the instant case, police were searching for specific evidence related to a string of thefts. The language "and any other items considered to be contraband" followed language directly related to the thefts, *i.e.*, specific types of items believed to have been stolen, snow plow controllers, tools, construction tools and equipment, and specific tools believed to have been utilized in the commission of the thefts and resale of the stolen items, bicycles, backpacks, trail cameras, cellular telephones. ***See Commonwealth v. Rivera***, 816 A.2d 282, 292 (Pa.Super. 2003) (cleaned up) (distinguishing prior cases, which found noncompliance with the particularity requirement, based upon "[t]he language 'or other materials,' . . . follow[ing] the specific items 'assets' and 'paraphernalia,' all of which must be related to . . . the sale

or use of cocaine . . . which the police clearly had probable cause to believe had occurred at the residence within 24 to 36 hours preceding execution of the warrant."). As the police discovered the drug paraphernalia taped to a spring-loaded center punch that is commonly used to break windows when committing vehicle thefts, the paraphernalia was seized within the narrow scope of the warrant. Consequently, this claim is likewise without merit.

Based on the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Nichols joins the memorandum.

Judge McLaughlin concurs in the result.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


*Date: 12/9/2021*